A89A0899. IN THE INTEREST OF J. I. H. et al.
(383 SE2d 349)

SOGNIER, Judge.

The mother of J. I. H., R. M. H., and J. A. H. appeals from the trial court's denial of her motion for a new trial made after an order was entered terminating her parental rights in the children.

The record reveals that the children were initially found to be deprived in 1986, at which time they were removed from appellant's home, the Department of Family and Children Services (DFCS) was given temporary custody, and the children were placed in foster care. That deprivation was found on the basis of both neglect and physical and sexual abuse on the part of appellant. Appellant subsequently pled guilty to child molestation and cruelty to children and received a five-year sentence with one year to serve. On June 21, 1988, a petition was filed on behalf of DFCS seeking to terminate the parental rights of the natural parents, including appellant. Appellant, who was out of prison and living in Iowa, was notified, and on August 17, 1988, the juvenile court received a letter from appellant stating that she was unsure whether she would be able to appear for the hearing, but that if she appeared she would need a lawyer appointed to represent her. The DFCS caseworker then sent appellant copies of all previous orders, the petition for termination of parental rights, and a summons showing the time and place of the hearing. Those documents were sent to appellant by certified mail, and were received and signed for by appellant on August 23, 1988.

Appellant did not appear at the hearing on September 8, 1988. The juvenile court heard evidence and found that the children were deprived due to lack of proper parental care or control and that the deprivation was likely to continue. Finding that the children needed a secure and stable home, the court terminated appellant's rights in the children.

1. Appellant contends the juvenile court erred by denying her motion for a new trial because her failure to appear at the hearing was not her fault. We do not agree. The record reveals that appellant received notice of the hearing, which notice contained proper information as to the exact place and time at which the hearing would be held, and that despite such notice appellant did not appear. At the hearing on appellant's motion for a new trial, counsel appointed to

represent appellant stated that appellant had driven from Iowa and was present at the county courthouse at the time of the hearing, but was unable to locate where the hearing was being held. She called DFCS and was told the hearing was not that day, but when she went to the DFCS office she was told she had missed the hearing. DFCS confirmed that appellant had appeared at its office after the hearing, but not that she had called that morning, or that she had been told the hearing was not that day. Although appellant's counsel stated that appellant discovered after the hearing where it had been held, the juvenile court found that appellant was familiar with the Clayton County courthouse complex and the location of the juvenile court, having appeared in superior court on other occasions, and having received a summons which clearly stated the address of the juvenile court building where the hearing was to be held. Further, the court noted that appellant had written a letter to the court after the termination hearing stating that she had not appeared because she had been "stuck in traffic" and had gotten lost. Because the record establishes that notice was properly given, appellant's failure to appear because of a mistake on her part does not afford a basis for relief. See *McCullough v. Molyneaux*, 163 Ga. App. 352, 353-354 (2, 3) (294 SE2d 560) (1982). There being evidence to support it, the trial court's exercise of its discretion in refusing appellant's motion for a new trial on this ground will not be reversed. *Hospital Auth. of Walker &c. Counties v. Smith*, 142 Ga. App. 284, 286 (2) (235 SE2d 562) (1977).

2. Appellant also enumerates as error the trial court's failure to grant her motion for a new trial because counsel was not appointed to represent her at the termination hearing despite her request. OCGA § 15-11-85 (b) provides that in any proceeding for terminating parental rights "[i]f the parent or parents of the child desire to be represented by counsel but are indigent, the court shall appoint an attorney for such parent or parents . . . ." The record in the case sub judice is clear, however, that appellant never requested that counsel be appointed before the termination hearing, applied for the appointment of an attorney, or showed proof of her indigency. Thus, we find no reversible error in the trial court's failure to appoint counsel to represent appellant at the termination hearing. See generally *In the Interest of C. C. B.*, 188 Ga. App. 46 (1) (372 SE2d 6) (1988). We note that after the termination hearing, when appellant properly indicated her desire to appeal and satisfied the court that she was indigent, an attorney was appointed to represent her.

3. Appellant contends the evidence was insufficient to support the termination of her parental rights. In particular, appellant argues that the only evidence adduced at the hearing dated from several years before the hearing, and that because "[a] finding of unfitness must be based on present circumstances [cits.]," *In re N. R. F.*, 179

Ga. App. 346, 348 (346 SE2d 121) (1986), it was insufficient. We do not agree that no evidence about current circumstances was adduced at the hearing or that the evidence was insufficient to support the termination of appellant's rights.

"In considering the termination of parental rights, the court shall first determine whether there is present clear and convincing evidence of parental misconduct or inability . . . . If there is clear and convincing evidence of such parental misconduct or inability, the court shall then consider whether termination of parental rights is in the best interest of the [children], after considering the physical, mental, emotional, and moral condition and needs of the [children] who [are] the subject of the proceeding, including the need for a secure and stable home." OCGA § 15-11-81 (a).

The record clearly establishes that these children have been the objects of parental misconduct within the meaning of OCGA § 15-11-81 (b) (4) (A) and that they are deprived within the meaning of OCGA § 15-11-2 (8). The children were found in a state of physical neglect. There was evidence of physical and sexual abuse, as to which appellant pled guilty, thereby demonstrating that the lack of proper parental care and control was the cause of the children's deprivation. That the children's deprivation was likely to continue was evidenced by reports and testimony concerning appellant's mental and emotional problems, including drinking and drug addiction, for which she has been treated several times without result and with a poor prognosis. Appellant also has a history of suicide attempts, and has been diagnosed as having an antisocial personality and as unable to profit from her mistakes. The children have already suffered serious physical and emotional harm from the continued deprivation, as evidenced both by their physical bruises and by their adjustment problems. Thus all four criteria set forth in OCGA § 15-11-81 (b) (4) (A) have been satisfied.

Moreover, there was evidence that appellant failed to communicate with her children or support them or attempt to do so for a period of over two years, warranting a finding that she abandoned the children, and the children's guardian ad litem testified that the children were currently "terrified" of their mother because of her cruel treatment of them. DFCS and the children's guardian ad litem both recommended that appellant's parental rights be terminated.

"Obviously, those same factors which show the existence of parental misconduct or inability can also support a finding that the termination of parental rights . . . [is] in the [children's] best interest. Thus, a finding as to whether the termination of parental rights is in the best interest of the [children] represents, in essence, a finding as to whether the specifics of the parental default that have *otherwise* been found to exist are of such magnitude as to warrant the conclu-

sion that the [children themselves] would be better served by the grant of the petition to terminate. [Cits.] In this regard, our review of the entire record shows that there was likewise sufficient clear and convincing evidence to support the juvenile court's finding that the termination of the parental rights of [appellant] would be in [the children's] best interest. [Cits.]" *In the Interest of G. K. J.*, 187 Ga. App. 443, 444 (2) (370 SE2d 490) (1988). Consequently, although mindful that " '[t]here is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship . . .' [cit.] [and that] '(c)ompelling facts are required to terminate parental rights, (cits.)' [cit.]," *In re N. F. R.*, supra at 348, we find no error in the trial court's order terminating appellant's parental rights.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 7, 1989.

Linda S. Cowen, for appellant.

*Michael J. Bowers, Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General, Michael D. Anderson, for appellee.*