A10A1851. JOYNER v. THE STATE.

(706 SE2d 221)

MILLER, Presiding Judge.

Christopher Joyner entered a negotiated guilty plea to the offense of child molestation (OCGA § 16-6-4 (a) (1)), and was sentenced under the First Offender Act, OCGA § 42-8-60 et seq., to ten years probation. Approximately five years later, Joyner filed a motion to correct the record, contending that the prior sentencing judge had issued an order that reduced his probation to five years, but the order had been lost and omitted from the record in the trial court. The trial court denied the motion, from which Joyner appeals. We discern no error and affirm.

We review orders declaring a lost record "established" or "not established" under OCGA § 24-8-1 for abuse of discretion. OCGA §§ 24-8-1 and 24-8-2. The trial court's exercise of discretion in such regard will be affirmed where there is evidence to support it. *In the Interest of J. I. H.*, 191 Ga. App. 848, 849 (1) (383 SE2d 349) (1989).

The record shows that in November 2005, Joyner filed a motion to terminate his probation based on his status as an active member of the Florida National Guard, and the trial court granted the motion in February 2007. Thereafter, however, the trial court rescinded its prior order terminating his probation stating that: "[the prior termination order was] not valid or legal and the court orders that this defendant remain[ ] on probation unless he goes to Iraq." In a subsequent order, the trial court further clarified that Joyner's probation was active and that its prior order terminating Joyner's probation was a nullity based on Joyner's fraudulent representation that he was then en route to Iraq for military service.

On September 3, 2009, Joyner filed a motion to correct record which attached a copy of a July 1, 2005 order purporting to reduce Joyner's probation from ten years to five years and a copy of the Clerk's index of all the filings in his case. The order was stamped "[f]iled" in the clerk's office on July 1, 2005 with the signature of the deputy clerk. The index, however, did not list the foregoing order.

Thereafter, the trial court held a hearing on Joyner's motion to correct the record. Arguing that the July 1, 2005 order was genuine, Joyner maintained that "his first offender probation should terminate" and he "should be released from probation" as five years had elapsed since his sentence date. To support his claims, Joyner elicited testimony from the sentencing judge's secretary and the deputy clerk. Each authenticated the sentencing judge's signature on the foregoing order and that of Joyner's probation officer. The deputy clerk further testified that she recognized her signature on the order, but she did not believe the order was in the actual case file. While the probation officer also testified that her signature appeared on the

order, she denied preparing or submitting the motion to the court.

The State introduced in evidence a copy of a letter that had been sent to Joyner's counsel regarding its plea offer, which stated that if Joyner wished to receive first offender treatment, the State would adjust its original offer of five years probation to ten years probation and require sex offender evaluation and treatment as a special condition of his probation. After hearing the evidence and arguments presented by the parties, the trial court declared that it was taking judicial notice of the fact that court was not in session on July 1, 2005, and thus, the sentencing judge could not have signed the July 1, 2005 order. Based upon these findings, the trial court denied the motion and declined to discharge Joyner from his first offender sentence.

Joyner contends that the trial court erred in failing to correct the court record to include the July 1, 2005 order reducing his probation to five years because the evidence showed that the signatures on the order were genuine, yet the order was either lost or destroyed. We disagree.

OCGA § 24-8-1 provides: "Where any public records have been lost, mutilated, stolen, or destroyed, the superior court of the county where the records belong *may* establish copies. When so established, such records shall be in all respects evidence as the original records would have been." (Emphasis supplied.)

Notwithstanding the fact that the signatures of the sentencing judge, probation officer, and deputy clerk were authenticated as they appeared on the July 1, 2005 order, the testimony doing so did not go to the terms of the order. A closer examination of the order reveals that the sentencing judge did not actually grant the relief sought by Joyner, as it contains no language stating the disposition of the motion to modify sentence. While the order appeared to have been file stamped, the order was not listed in the Court Index as required by standard office operating procedure. There also was evidence that such an order had not been prepared or submitted to the court for signature.

Finally, the prerequisites for judicial notice were satisfied in this matter. The trial court notified the parties of its intent to take judicial notice that the sentencing judge had not been present to sign the order in issue as there had been "no court . . . in Camden County" on July 1, 2005, a fact which was readily ascertainable, and a matter particularly within the province of the judge. See *Graves v. State*, 269 Ga. 772, 774 (2) (504 SE2d 679) (1998) (specifying subject matter appropriate for judicial notice). In the discussion which followed, trial counsel raised no objection to judicial notice as taken.

Under these circumstances, the trial court did not abuse its discretion in denying Joyner's motion to correct record. OCGA §§

24-8-1, 24-8-2; *In the Interest of J. I. H.*, supra, 191 Ga. App. at 849 (1).

Judgment affirmed. *Phipps, P. J., and McFadden, J., concur in judgment only.*

DECIDED FEBRUARY 16, 2011 —

*Edward W. Clary*, for appellant.

*Stephen D. Kelley, District Attorney, Jacquelyn L. Johnson, Michele G. McPhatter, Assistant District Attorneys*, for appellee.