**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 15, 2019**

# In the Court of Appeals of Georgia

A19A0147. IN THE INTEREST OF A. B., et al., children.

A19A0148. IN THE INTEREST OF K. B., a child.

BROWN, Judge.

In these consolidated appeals, the mother and father of K. B.[1] appeal from the juvenile court's final order in a dependency case. The mother also appeals from the same order as it relates to M. C.[2] and A. B.,[3] her two other children fathered by different men, who are not parties in these this appeals. In Case No. A19A0147, the mother contends that the juvenile court erred by: (1) denying her request for a continuance to hire counsel of her choice and (2) adjudicating the children dependent

---

[1] K. B. was born on June 16, 2016.

[2] M. C. was born on February 16, 2011.

[3] A. B. was born on June 19, 2008.

in the absence of clear and convincing evidence showing dependency. In Case No. A19A0148, the father asserts that the juvenile court erred by: (1) finding K. B. dependent because the State failed to show dependency by clear and convincing evidence and (2) granting temporary custody of [K. B.] to the Department of Family and Children's Services (DFCS). For the reasons explained below, we vacate the juvenile court's dependency and disposition orders and remand this case with instruction.

1. In an appeal from an adjudication of dependency, we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that a child is dependent. *In the Interest of S. C. S.*, 336 Ga. App. 236, 244 (784 SE2d 83) (2016) (standard of review in dependency case). "In making this determination, we neither weigh the evidence nor judge the credibility of the witnesses, but instead defer to the factual findings made by the juvenile court, bearing in mind that the juvenile court's primary responsibility is to consider and protect the welfare of a child whose well-being is threatened. [Cit.]" (Punctuation omitted.) Id. at 245.

> Under the most recent version of Georgia's Juvenile Code, the juvenile
> court may place a minor child in the protective custody of [DFCS] where

the State shows, by clear and convincing evidence, that the child is a dependent child. . . . Pursuant to OCGA § 15-11-2 (22), a dependent child is defined as "a child who: (A) Has been abused or neglected and is in need of the protection of the court; (B) Has been placed for care or adoption in violation of law; or (C) Is without his or her parent, guardian, or legal custodian." But even after finding a child to be dependent, a juvenile court can only remove a child from a parent's custody if it finds that "the dependency resulted from unfitness on the part of the parent, that is, either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child." And "proof of unfitness must be shown by clear and convincing evidence[.]"

(Citations and punctuation omitted.) *In the Interest of T. S.*, 348 Ga. App. 263, 269 (820 SE2d 773) (2018). Additionally,

An order entered following a hearing in a dependency proceeding shall include findings of fact. OCGA § 15-11-111 (b) (2). Such findings of fact should be made in accordance with OCGA § 9-11-52 (a), which provides that a court must find the facts specially and . . . state separately its conclusions of law. Thus, the facts must be found specially; and the conclusions of law must be stated separately, regardless of whether the order otherwise is sufficient for purposes of review.

3

(Citations and punctuation omitted.) *In the Interest of B. G.*, 345 Ga. App. 167, 169 (1) (812 SE2d 552) (2018).

In this case, the juvenile court's one-page dependency order states on the first page that "[t]he Court makes the following findings of fact and conclusions of law. . . [.]" This statement is followed by a recitation of facts, some specific findings of fact interspersed throughout, a summary of the mother's testimony, and no separate statement of the juvenile court's conclusions of law. Additionally, the order contains no finding whatsoever with regard to parental unfitness, much less a separate finding with regard to the father. See *In the Interest of C. R.*, 292 Ga. App. 346, 351 (2) (665 SE2d 39) (2008). These deficiencies "prevent[] us, in this case, from making an intelligent review of the [mother and father]'s challenges to the sufficiency of the hearing evidence." *B. G.*, 345 Ga. App. at 169 (1). Accordingly, we vacate the juvenile court's dependency ruling and corresponding disposition order in both cases and remand them with direction that the juvenile court prepare appropriate findings of fact and conclusions of law and enter a new judgment, after which another appeal may be made. Id.

2. The mother contends that the juvenile court erred by denying her request for a continuance to hire counsel of her choice. We disagree.

4

As the mother points out, a party to a dependency proceeding "shall have the right to an attorney at all stages of the proceedings," OCGA § 15-11-103 (a), and "shall be given an opportunity to: (1) Obtain and employ an attorney of such party's own choice; (2) Obtain a court appointed attorney if the court determines that such party is an indigent person; or (3) Waive the right to an attorney." OCGA § 15-11-103 (g). Indeed, the mother also had "a constitutional right to be represented by paid counsel if she so chose." *Johnson v. Hauck*, 344 Ga. App. 848, 854 (2), n.13 (812 SE2d 303) (2018).

But with the right to counsel of one's choice, comes the obligation to "use reasonable diligence in obtaining retained counsel. A [party] may not use a request for change of counsel as a dilatory tactic. A refusal to grant a continuance will not be disturbed by appellate courts unless it clearly appears that the judge abused his discretion in this regard." (Citations and punctuation omitted.) *Lane v. State*, 299 Ga. 791, 794 (2) (792 SE2d 378) (2016). See also *In the Interest of K. A. P.*, 277 Ga. App. 794, 798 (2) (627 SE2d 857) (2006). Additionally, OCGA § 15-11-110 (b) provides that "[c]ontinuances shall be granted only upon a showing of good cause. . . ." Accordingly, the mother had a duty to show that she exercised due diligence in attempting to hire retained counsel as "good cause" for the grant of a continuance.

5

Compare OCGA § 17-8-20 (in criminal cases, "the party making an application for a continuance must show that he has used due diligence").

Based upon the particular facts and circumstances of this case, the mother has failed to show that the juvenile court abused its discretion in denying her request for a continuance. The record shows that on December 4, 2017, the juvenile court advised the mother of her right to hire counsel, seek appointed counsel, or represent herself. When the mother stated she wanted an attorney, the juvenile court immediately appointed counsel for the mother and rescheduled the case for December 7, 2017, so that her new counsel could prepare and appear. Appointed counsel represented the mother during two evidentiary hearings held on December 7 and December 13, after which the juvenile court orally pronounced a finding of unspecified "probable cause," presumably probable cause that the children were dependent. See OCGA § 15-11-146 (a) (1) ("At the preliminary protective hearing, the court shall determine . . . [w]hether there is probable cause to believe a child is a dependent child.") (punctuation omitted).

On December 20, 2017, appointed counsel appeared again on the mother's behalf at a 10-day adjudication hearing, but the mother was not present. Because the mother had not yet been served with a dependency petition filed two days earlier, the

6

juvenile court continued the adjudication until January 16, 2018. At the beginning of the January 16 hearing, the mother's counsel advised the court that the mother "is requesting a continuance to hire an attorney." The juvenile court responded:

> I understand, but I have instructed her to do that and give them time to be ready for the trial. The children are in foster care and I have to adjudicate them within 60 days. . . . What I'm going to do is, I'm going to let them present the evidence today. I'm going to leave the evidence open for her to secure other counsel, but I've got to adjudicate in that 60-day-window. . . .

The mother's counsel responded, "okay," and DFCS presented the testimony of one caseworker before the case concluded for the day.

The record contains no evidence that the mother sought retained counsel or expressed any dissatisfaction with appointed counsel before asking the juvenile court for a continuance to hire counsel on January 16, over 43 days after the juvenile court first advised her of her right to hire her own attorney. Moreover, the mother did not seek a continuance for counsel she already had retained, but rather "to hire" retained counsel in the first instance;[4] she made no effort to establish that she had exercised

---

[4] The mother did not appear with newly retained counsel at any of the subsequent hearings held in the case on January 23, 2018, February 21, 2018, or May 1, 2018.

reasonable diligence to obtain retained counsel. Under these circumstances, we cannot say that the juvenile court abused its discretion in denying her request for a continuance. See *Flowers v. State*, 275 Ga. 592, 594 (2) (571 SE2d 381) (2002) (trial court did not abuse discretion by denying request for continuance made on the morning of trial to hire retained counsel to replace appointed counsel). See also *Percell v. State*, 346 Ga. App. 219, 222 (2) (816 SE2d 344) (2018) (rejecting defendant's claim that trial court abused discretion in denying motion for continuance because it "did not give him the opportunity to explain why he wanted to fire appointed counsel[;] the record [did] not show that he sought such an opportunity"); *Coats v. State*, 303 Ga. App. 818, 821 (2) (695 SE2d 285) (2010) (trial court not required to grant a continuance when defendant "waited until the morning of the trial to inform his court-appointed counsel that he wanted new representation, and to request additional time from the trial court to locate and retain new counsel").

Our decision in *In the Interest of A. M. A.*, 270 Ga. App. 769 (607 SE2d 916) (2004), the principal case upon which the mother relies on appeal, does not mandate a different result. In that case, we addressed whether the juvenile court erred by failing to hold a hearing to determine (1) whether the mother in a termination of parental rights case had exercised reasonable diligence to hire retained counsel or (2)

8

was entitled to appointed counsel. Id. at 774 (3). The mother told the court at an October 7 review hearing that she wanted to retain counsel for a termination hearing scheduled for November 13. Id. at 770 (1), 774 (3). On the day of the termination hearing, indigent counsel appeared and advised the court that he was uncertain as to whether the mother qualified for appointed counsel, and counsel for DFCS argued that the mother's failure to appear with retained counsel was an attempt to delay the proceedings. Id. at 774-775 (3). The juvenile court then told indigent counsel, "You're relieved then. She didn't qualify promptly or appropriately. She's on her own." Id. at 775 (3). We vacated the juvenile court's termination order based upon our conclusion that it had failed to make for itself the requisite "determination of indigence based upon evidence and to establish a record of such finding." (Citation and punctuation omitted.) Id. at 775 (3). An additional ground for our holding was that even if we assumed that the mother was not indigent, "there [was] no evidence in the record that [the mother] waived her right to counsel. Waiver will not be lightly presumed, and a trial judge must indulge every reasonable presumption against waiver." (Citation, punctuation and footnote omitted.) Id. at 776 (3). We found that the trial court failed to fulfill its duty, applying when a *non-indigent defendant appears for trial without retained counsel*, "to delay the proceedings long enough to

9

ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control." (Citation, punctuation and footnote omitted.) Id. Accordingly, we remanded the case for the trial court to "determine, on the record, whether appellant waived her right to counsel, if any. If there was no waiver, the trial court must then determine, on the record, whether appellant was indigent such that counsel should have been appointed to her." Id.

Our decision in *A. M. A.,* is readily distinguishable based upon the fact that the mother in this case appeared with appointed counsel who represented her throughout the proceedings. The only other case cited by the mother also involved a lack of representation by counsel in a hearing, as well as parents who had hired new counsel seven days after their first retained counsel filed a motion to withdraw the day *before* the hearing in which they sought a continuance. *In the Interest of C. H.*, 343 Ga. App. 1, 2-3 (805 SE2d 637) (2017).

*Judgments vacated and cases remanded with direction. Barnes, P. J., and Mercier, J., concur.*

10