**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 3, 2021**

# In the Court of Appeals of Georgia

A21A0784. IN THE INTEREST OF S. H., et al., children.

MCFADDEN, Presiding Judge.

This appeal challenges a juvenile court order terminating a father's parental rights to his minor children. Because the juvenile court failed to make necessary findings on the record that the father had waived his right to counsel before proceeding with the termination hearing, we vacate the termination order and remand the case with direction that the juvenile court make the necessary findings.

1. *Facts and procedural posture.*

In July 2019, the Forsyth County Department of Family and Children Services ("DFCS") filed a petition to terminate the parental rights of the mother and father of minor children S. H., L. H., and B. H. At an August 1, 2019 judicial review hearing, the mother and father, who were each represented by appointed counsel, informed the

court that they wanted to terminate the services of their appointed attorneys and hire a new attorney to represent them together. The court released the appointed attorneys and advised both parents that it would be their duty to hire their own attorney or re-qualify for court-appointed counsel. The court also told the parents that any newly-hired counsel would have to be available for the termination hearing beginning on November 12 because the court would not continue that hearing for new counsel.

Two-and-a-half months later, in October 2019, the juvenile court appointed new counsel to represent the mother because she was incarcerated. The court subsequently entered an order continuing the termination hearing from November 2019 to January 2020 in order to provide the mother's new counsel time to prepare for the hearing. The continuance order further stated that it appeared the father had not yet hired an attorney or re-applied for appointed counsel, and that the court would not further continue the case based on either the father's failure to obtain counsel or any new counsel's request for a continuance. The trial court sent the continuance order to an email address for the father and his last known physical address, although the father later claimed that he had not received it.

At the outset of the termination hearing on January 7, 2020, the judge stated that the father was not present. The court delayed the proceedings, and the father, who

had been in state court resolving a traffic ticket, eventually appeared in the juvenile court without counsel. No evidence was presented on the termination petition, but the mother, with the assistance of her appointed counsel, agreed in open court to voluntarily surrender her parental rights. The judge asked the pro se father if he also wanted to execute a voluntary surrender of his parental rights, but the father refused to do so. The judge then stated that the parties should return the next morning and that the proceedings would resume no later than 9:15 a.m.

At 9:15 the next morning, the court announced that the father had not appeared and that the presentation of evidence would proceed without him. Counsel for DFCS then introduced numerous exhibits and began presenting witness testimony. During testimony of the third witness, the father arrived in the courtroom, again without counsel. He said that he was late because he did not have a ride and, upon inquiry by the court, he again refused to voluntarily surrender his parental rights. The court then directed counsel for DFCS to continue with the presentation of evidence. DFCS later called the father as its final witness, and he was cross-examined by counsel for DFCS and by advocate attorneys for the children. When one of the attorneys asked why he did not have an attorney, he said that he did not have the money to hire one. After DFCS had rested, the father told the court that he had no evidence.

A month after the hearing, the juvenile court entered its order terminating the father's parental rights. The juvenile court subsequently appointed appellate counsel to represent the father. The father's appellate counsel filed a motion for new trial, which was denied. Counsel for the father then filed an application for discretionary appeal, which we granted, and this appeal followed.

2. *Waiver of right to counsel.*

The father contends that the juvenile court erred in terminating his parental rights without determining on the record whether or not he was indigent and whether he had waived his right to counsel. We agree.

> As stated by our Supreme Court, there can scarcely be imagined a more fundamental and fiercely guarded right than the right of a natural parent to its offspring. Wresting a child away from the care and custody of its parents is of serious consequence and is so drastic that it should be attended only by the most stringent procedural safeguards. In order to defend this stringently protected right, Georgia law provides that the court shall appoint an attorney for any indigent parent who desires counsel in any proceeding involving the termination of his or her parental rights. And to waive a right as fundamental as effective counsel, the trial court must, on the record, determine that the waiver is knowing, intelligent and voluntary.

*In re J. M. B.*, 296 Ga. App. 786, 789 (676 SE2d 9) (2009) (citations, punctuation, and footnote omitted). See OCGA § 15-11-262 (a) (parent, as a party to termination

of parental rights proceedings, "shall have the right to an attorney at all stages of the proceedings").

In this case, the juvenile court failed to make the required determination on the record that the father had made a knowing, intelligent, and voluntary waiver of his right to counsel. Indeed, it appears from the record that "the juvenile court [did not even] fully inquire whether the [father was] indigent and, therefore, entitled to a court-appointed attorney." *In the Interest of C. H.*, 343 Ga. App. 1, 10-11 (1) (b) (805 SE2d 637) (2017). While the juvenile court had previously told the father that it was his responsibility to either retain counsel or qualify for appointed counsel, the record contains no colloquy in which the father expressly waived his right to counsel. Indeed, even though the father appeared for the termination hearing without counsel and indicated during cross-examination that he could not afford to hire an attorney, the hearing transcript contains

> no colloquy in which the court advised the father of his right to counsel [and the father waived that right], nor does it show that the court inquired into whether the father was indigent or waiving his right to counsel, and [it is undisputed that] the father did not receive court-appointed counsel. As such, it appears that the father was denied his right to counsel[ at] the [termination] proceedings[.]

*In the Interest of J. G.*, 350 Ga. App. 588, 591 (1) n. 3 (829 SE2d 828) (2019).

Accord *In the Interest of J. B.*, 354 Ga. App. 704, 705 (841 SE2d 425) (2020) ("Among other deficiencies, the record contains no colloquy in which the mother waived her right to counsel. As a result, the record conclusively demonstrates that the mother was denied her right to counsel at the hearings.") (citation and punctuation omitted); *In the Interest of C. H.*, supra at 11 (1) (b) (parents denied right to counsel where, among other deficiencies, "the record contains no colloquy in which [they] waived their right to counsel").

Furthermore, even if the father was not indigent, the juvenile court failed to make required findings on the record to support a determination that the father had waived his right to counsel by failing to act with reasonable diligence. As we have explained, such a "[w]aiver will not be lightly presumed, and a trial judge must indulge every reasonable presumption against waiver." *In the Interest of A. M. A.*, 270 Ga. App. 769, 776 (3) (607 SE2d 916) (2004) (citation and punctuation omitted).

> Since a non-indigent [parent's] right to counsel is predicated upon [his or] her own diligence, a failure on [his or] her part to retain counsel may constitute a waiver of the right to counsel. Thus, when presented with a non-indigent [parent] who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the [parent] has acted with reasonable diligence in

6

obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the [parent's] control.

Id. (citation and punctuation omitted).

Here, even assuming for the sake of argument the father was not indigent, the record does not show that the juvenile court inquired into whether he had acted with reasonable diligence in attempting to retain counsel or whether the absence of an attorney was due to reasons beyond his control. Absent such inquiry, "the trial court failed to exercise its affirmative duty of determining on the record whether (the father) exercised reasonable diligence in attempting to retain trial counsel." *In the Interest of A. M. A.*, supra. (citation and punctuation omitted). Accord *In the Interest of C. H.*, supra (juvenile court failed to "delay the proceedings long enough to ascertain whether the [parents] acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney [was] attributable to reasons beyond [their] control") (citation and punctuation omitted).

For the foregoing reasons, the judgment below must be vacated and the case remanded with direction that the juvenile court determine on the record whether the father was indigent and entitled to appointed counsel and if so, whether he knowingly, intelligently, and voluntarily waived his right to counsel. "If, after making

7

these determinations, the [juvenile] court finds that [the father] had a right to counsel which [he] did not waive, the [juvenile] court must [appoint counsel to represent the father and] order a new hearing on the termination petition." *In the Interest of A. M. A.*, supra at 776-777 (3). But if the juvenile court determines that the father "either waived [his] right to appointed counsel or had no such right because [he] was not indigent [and failed to act with reasonable diligence in attempting to retain counsel], it may reenter its original judgment." Id. at 777 (3). Accord *In re J. M. B.*, supra at 791 (where record did not show that indigent mother waived right to counsel, termination order vacated and case remanded to juvenile court for rehearing).

3. *Other enumerations of error.*

Because of our holding above, we do not reach the father's other enumerations of error.

*Judgment vacated and case remanded with direction. Senior Appellate Judge Herbert E. Phipps concurs and Rickman, C. J., dissents.*

# In the Court of Appeals of Georgia

A21A0784. IN THE INTEREST OF S. H., et al., children
(FATHER).

RICKMAN, Chief Judge, dissenting.

The father's right to counsel in this case originates from and is governed by OCGA § 15-11-262 (j). Because he was given all opportunities afforded by that statute, I respectfully dissent.

In a termination of parental rights proceeding, a parent "shall be informed of his or her right to an attorney prior to the adjudication hearing and prior to any other hearing at which a party could be subjected to the loss of residual parental rights." OCGA § 15-11-262 (j). In addition, a parent shall be given an opportunity to: (1) obtain and employ an attorney of the parent's own choice; (2) obtain a court

appointed attorney if the court determines that the parent is an indigent person; or (3) waive the right to an attorney. Id.

Applying this statutory right to counsel here, the record shows that during the five-month period between the time the father terminated the services of his appointed counsel and the termination of parental rights hearing, the court instructed him more than once that he needed to obtain new counsel or re-qualify for appointed counsel prior to the scheduled hearing. Based on his prior experience, the father knew how to hire counsel and was given an opportunity to obtain and employ an attorney of his choice during that time period. The father also knew how to seek appointed counsel and was given the opportunity to obtain another court-appointed attorney after he chose to terminate the attorney previously appointed for him.

With respect to waiver, the record does not show that the father expressly waived his right to counsel. But the plain language of OCGA § 15-11-262 (j) does not require an express waiver of counsel, and we cannot add language to a statute to yield the court's preferred meaning. See *City of Albany v. GA HY Imports, LLC*, 348 Ga. App. 885, 891 (1) (825 SE2d 385) (2019).

The record does show, as the juvenile court concluded in its order denying the father's motion for new trial, that the father failed to exercise due diligence in

attempting to hire counsel and therefore waived his right to retained counsel. See *In the Interest of A. B.*, 350 Ga. App. 158, 161 (2) (828 SE2d 394) (2019) (affirming denial of motion for continuance to hire counsel where record contained no evidence that mother had exercised reasonable diligence to obtain retained counsel in 43-day period after the juvenile court first advised her of her right to hire her own attorney); *In the Interest of A. M. A.*, 270 Ga. App. 769, 776 (3) (607 SE2d 916) (2004) (recognizing that non-indigent parent's right to counsel is predicated upon parent's own diligence and that a failure on parent's part to retain counsel may constitute a waiver of the right to counsel). In addition, even if the father was indigent, the record shows that he chose to terminate his previously-appointed counsel, was advised numerous times of his right to obtain new appointed counsel prior to the termination of parental rights hearing, and failed to act on that advice. The father also failed to appear timely on either day of the termination hearing; further, when he did eventually appear, he made no request that counsel be appointed, but instead asserted that he planned to hire counsel. Compare *In the Interest of J. M. B.*, 296 Ga. App. 786, 791 (676 SE2d 9) (2009) (termination order vacated where indigent mother requested appointed counsel during her termination hearing and notified juvenile court that she had been unable to obtain counsel because of her

3

incarceration, but court refused to provide one; case decided under former OCGA § 15-11-98 (b), which provided that in a termination of parental rights proceeding, if a parent desires to be represented by counsel but is indigent, the court shall appoint an attorney for such parent). Under these specific circumstances, the juvenile court did not err in failing to stop the termination hearing when the father finally appeared and again provide him with appointed counsel. See generally *In the Interest of J. I. H.*, 191 Ga. App. 848, 849 (2) (383 SE2d 349) (1989) (under former OCGA § 15-1185 (b), where mother never requested that counsel be appointed before the termination hearing, applied for the appointment of an attorney, or showed proof of her indigency, there was no error in failing to appoint her counsel).